IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicholas Grivette,<br><br>                Plaintiff,<br>vs.<br><br>Hal Henning, in his individual capacity as an officer for the City of Biwabik Police Department,<br><br>                Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED UNDER FRCP 38 (b)<br><br>**COMPLAINT** |

## COMPLAINT

For his Complaint, Nicholas Grivette ("Grivette") hereby states and alleges as follows:

1. This is an action for money damages for injuries sustained by Grivette as a result of the use of excessive force, unreasonable seizure, false arrest and other violations of his constitutional rights by defendant police officer Hal Henning ("Henning"). Defendant Henning's conduct violated Grivette's well-settled federal civil rights, all while acting under color of state law.

2. Grivette brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution and 28 U.S.C. §§ 1331 and 1343(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

3. The amount in controversy exceeds $75,000, excluding interest and costs.

1

4. Grivette was, at all times material herein, a citizen of the United States and a resident of the State of Minnesota.

5. Defendant Henning was, at all times material herein, a citizen of the United States and a resident of the State of Minnesota.

6. Venue is proper because the events giving rise to these claims occurred in the state of Minnesota and Grivette brings his claims under federal law.

7. Defendant Henning was, at all times material herein, a duly appointed and acting Officer of the City of Biwabik Police Department (now known as the Gilbert-Biwabik Police Department). He is sued in his individual capacity.

8. Defendant City of Biwabik is a municipality duly incorporated under the laws of the State of Minnesota.

9. On October 25-26, 2008, Grivette and his wife April were attending a wedding reception at the R Bar in the City of Biwabik.

10. At some point before 2:00 a.m. on October 26, 2008, Officer Henning arrived at R Bar and attempted to get the various patrons, which included Grivette, to leave the bar.

11. Grivette, who at the time was 5'7" and weighed 143 pounds, posed no physical threat to Officer Henning and took no aggressive actions toward Officer Henning.

12. Despite the lack of physical threat posed by Grivette and the absence of any criminal actions that would have necessitated a custodial arrest, defendant Henning

grabbed Grivette and forcibly removed him from the bar, placing him in a chokehold at one point.

13. After he forced Grivette from the bar, defendant Henning slammed the non-resisting Grivette face-first onto the hood of his squad car. As Grivette pleaded with Henning to stop and asked what he had done wrong, Henning repeatedly lifted Grivette off the hood and then slammed him back down.

14. As spectators began to gather and questioned Henning's actions, Henning attempted to claim that Grivette was resisting him, as Henning continued to use unreasonable force on Grivette, which included again placing him in a chokehold, lifting him off his feet and slamming him against the squad car while wrenching Grivette's arm behind his back.

15. Defendant Henning ultimately transported Grivette to jail.

16. Defendant Henning's seizure of Grivette was intentional, unreasonable and constitutionally improper.

17. Defendant Henning's use of force on Grivette constituted excessive and unreasonable force as Grivette was not engaged in any illegal behavior.

18. Defendant Henning's use of force on Grivette and the resulting unlawful, illegal and unreasonable seizure and arrest of Grivette constituted excessive force and false arrest in violation of the Fourth Amendment of the United States Constitution.

19. Grivette sustained an "actual injury" as a result of defendant Henning's use of force. As a result of Henning's use of force on him, Grivette sustained a permanent injury to his back.

20. Grivette sustained severe and permanent physical and emotional injuries as a result of defendant Henning's violation of his constitutional rights to be free from excessive force and unreasonable seizure.

21. By the actions described above, Henning, under color of state law, violated and deprived Grivette of his clearly established and well-settled civil rights to be free from unreasonable seizure, excessive force and false arrest.

22. Defendant Henning subjected Grivette to these deprivations of his rights either maliciously or by acting with reckless disregard for whether Grivette's rights would be violated by his actions.

23. As a direct and proximate result of the acts and omissions of defendant Henning, Grivette suffered permanent injury, was forced to endure and also will in the future suffer great bodily and mental harm, incurred medical expenses past and future, incurred legal expenses, suffered wage loss, past and future, and was thereby damaged in an amount in excess of $75,000.

24. Grivette claims punitive damages in excess of $75,000 against Henning as a matter of right under federal common law, *Smith v. Wade,* 461 U.S. 30 (1983), and such damages are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. §549.20.

25. Grivette is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. §1988.

WHEREFORE, plaintiff Nicholas Grivette prays for judgment against defendant Henning as follows:

A.  A money judgment against Henning for compensatory damages in an amount in excess of Seventy-Five Thousand ($75,000) Dollars and punitive damages in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, together with costs, including reasonable attorneys' fees, under 42 US.C. §1988 and prejudgment interest; and

B. For such other and further relief as this Court deems just and equitable.

Date: 11-17-11

By: _____
Eric Hageman, Attorney ID 258180
PritzkerOlsen, P.A.
Plaza VII, Suite 2950
45 South Seventh Street
Minneapolis, MN 55402-1652
612-338-0202
eric@pritzkerlaw.com

and

Casey Oppenheim, Attorney ID 333529
Oppenheim Law, LLC
900 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-529-5299
casey@cmolaw.com

Attorneys for Plaintiff